IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES H. KEARNS,

      Petitioner,

v.                                CIVIL ACTION NO. 2:06CV58
                                    (Judge Maxwell)

THOMAS McBRIDE, Warden,
Mount Olive Correctional Center,

      Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

**I. Introduction**

On June 9, 2006, James H. Kearns [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2254 alleging that his trial counsel provided ineffective assistance, and therefore, his conviction should be set aside. There is presently pending before the Court respondent's answer and motion to dismiss for failure to exhaust state remedies. Following the issuance of a Roseboro Notice, the petitioner filed a Traverse to respondent's answer, and the respondent, in turn, filed a reply.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

**II. Factual Background**

**A. State Court Proceedings**

During its January 2000 term, the Grand Jury of Harrison County, West Virginia, returned an indictment against the petitioner charging him with burglary, sexual assault of a spouse, malicious wounding, and attempted murder. (Doc. 1-2, pp. 2-3). On March 9, 2000, the Harrison County Circuit Court entered a judgment of acquittal with respect to the burglary charge, and the jury found the petitioner guilty of sexual assault of a spouse and battery but not guilty of attempted murder. (Doc. 16-2, p. 7). On May 2, 2000, the circuit court sentenced the petitioner to one year confinement on the battery conviction and two to ten years on the sexual assault of a spouse conviction with the sentences to run consecutively and consecutively to petitioner's first degree murder conviction.[1]

**B. State Post-Conviction Proceedings**

    **1. Direct Appeal to the West Virginia Supreme Court of Appeals**

On November 25, 2002, the petitioner, by counsel, appealed his convictions and sentences to the West Virginia Supreme Court of Appeals ("WVSCA"). As the ground for his appeal, the petitioner alleged that the trial court erred in failing to grant his motion to set aside the verdict, enter a judgment of acquittal or grant a new trial. (Doc. 16-2, pp. 18-29). By order dated January 23, 2003, the appeal was refused. (Doc. 16-2, p. 31).

    **2. State Habeas Petition Filed in the Circuit Court of Harrison County**

On March 10, 2002, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Harrison County. (Doc. 16-2, pp. 33-40). Thereafter, counsel was appointed for

---

[1] The petitioner was charged in a separate indictment with 1st degree Murder for which he was convicted on April 7, 2000. He was sentenced to life, with a mercy recommendation. (Doc. 16-2, p. 15)

him. (Doc. 16-2, p. 44). At the omnibus hearing, held on March 29, 2004, the petitioner noted the following grounds for relief in support of his petition:

1. State's knowing use of perjured testimony;

2. Ineffective assistance of counsel;

3. Constitutional errors in evidentiary rulings; and

4. Sufficiency of evidence.

After considering the evidence presented at the hearing and contained in the underlying criminal case, as well as the arguments of counsel and their Proposed Findings and Conclusions, the circuit court denied the petition by order entered July 14, 2005. (Doc.16-2, pp. 44-63).

### 3. State habeas Appeal to the West Virginia Supreme Court of Appeals

On December 28, 2005, petitioner, by counsel, filed an habeas appeal with the WVSCA. (Doc. 16-2). As grounds for his appeal, the petitioner assigned the following errors:

a. Whether the trial court erred in failing to grant the Petitioner's motions to set aside the verdict, enter a judgment of acquittal, or grant a new trial;

b. The circuit court erred in failing to grant the petition based upon ineffective assistance of counsel; and

c. The circuit court erred in failing to order that the facts alleged in his habeas petition be taken as true where no response pleading was filed.

(Doc. 16-2, pp. 71-73).

By order dated February 16, 2006, the WVSCA refused petitioner's habeas appeal. (Doc. 16-2, p. 77).

### III. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises three grounds for relief. First, he alleges that he was denied his constitutional right to the effective assistance of counsel as

3

guaranteed by the First, Sixth and Fourteenth Amendments to the Constitution of the United States.  Second, he alleges that he was denied his constitutional right to due process as secured by the Fourteenth Amendment because the evidence submitted to the jury was not sufficient to establish critical elements of the charged offense of sexual assault of a spouse.  Finally, the petitioner alleges that the prosecuting attorney's knowing use of perjured testimony violated his constitutional right to due process of law as secured by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## IV. Respondent's Motion to Dismiss

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the respondent has moved this Court to dismiss the petitioner's cause of action.  In support of his motion, the respondent argues that the petitioner failed to properly present one of the claims raised in his § 2254 petition to the state courts, and has therefore not exhausted his state remedies.  Specifically, the respondent argues that the petitioner has not fairly presented Ground Three (prosecuting attorney's knowing use of perjured testimony) to the state's highest court for adjudication.  Respondent notes that the petitioner did not raise this claim on direct appeal.  Furthermore, although the petitioner raised this claim in his state habeas petition, the respondent argues that he failed to raise it when he appealed the circuit court's denial of that petition to the WVSCA.  Thus, the respondent contends that the petitioner has not met the exhaustion requirements set forth in 28 U.S.C. § 2254.

## V. <u>Analysis</u>

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief.  <u>See</u>  28 U.S.C. §2254(b).  The petitioner bears the burden of proving exhaustion.  <u>See</u> <u>Beard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v. Evatt</u>, 105 F.3d 907. 911 (4th cir. 1997).   The exhaustion of state remedies is accomplished by the

4

petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the WVCSA. *See* Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114-115 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971).

Here, it is clear that the petitioner has not exhausted Ground Three of his petition. As set forth in his § 2254 petition, that ground is enumerated as paragraph 12(c) and reads as follows: "The prosecuting attorney knowing use of perjured testimony violates petitioner's constitutional right to due process of law as secured by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A." Clearly, this ground was not raised in his direct appeal, and the petitioner does not contend otherwise. The petitioner did raise this ground in his state habeas petition under Losh Checklist No. 17 wherein he alleged the State's knowing use of perjured testimony - regarding statements of the victim and his ex-boss. In ruling on this ground, the circuit court noted that it had addressed petitioner's allegations of inconsistent statements of the victim in its discussion of the sufficiency of the evidence. The circuit court continued by noting that: "Other than mere allegation, the Court concludes that Petitioner did not present any evidence, indicating the prosecutor knowingly used perjured testimony, or legal authority in support of this assignment of error, and therefore, failed to prove that he is entitled to any relief with respect thereto." (Doc. 16-2, p. 60). In his appeal of this decision, the petitioner did not raise the issue of perjured testimony.

In his response to the Motion to Dismiss, the petitioner argues that since the Circuit Court deemed the perjury claim to be a component of the insufficiency of evidence claim and, the sufficiency of evidence claim was submitted to the WVSCA, his allegation regarding perjured

5

testimony has been exhausted. The undersigned is not persuaded. The petitioner's claim of perjured testimony included more than that of the victim, Minnix. Furthermore, although the circuit court referred to its analysis of the victim's testimony in its discussion of the sufficiency of the evidence, it did so in terms unrelated to "perjury." To exhaust his state remedies, the petitioner must do more than claim that a ground for relief is somehow included in another claim. "[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the hay stack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references that hint that a theory may be lurking in the woodwork will not turn the stick." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). Accordingly, the undersigned finds that Ground Three of the petition has not been unexhausted.

In Rose v. Lundy, 455 U.S. 509 (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Court issued this decision, ADEPA[2] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with mixed petitions,

---

[2]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 {"AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

6

run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269 (2005). Accordingly, the Supreme Court has held that a federal court may, under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition[3] containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.

Here, however, a stay and abeyance is inappropriate. Because the petitioner presented the claim in question to the circuit court, but failed to raise it in his appeal to the WVSCA, he has procedurally defaulted the claim, and will not be able to exhaust it under any circumstances. Accordingly, the petition must be dismissed, or in the alternative as noted by the respondent, the petitioner should be permitted to withdraw his unexhausted claim so that this Court can proceed to a decision on the merits of his claims that have been fully exhausted. In his Opposition to the Motion to Dismiss, the petitioner requests among several alternatives that he be allowed to sever the ground alleged to be unexhausted, and that he be permitted to proceed on the remaining two grounds. The undersigned finds that fairness requires that the same be deemed a Motion to Sever.

**VI. Recommendation**

Based on the foregoing, it is recommended that: (1) the respondent's Motion to Dismiss (Doc. 16) be **DENIED**; the petitioner's request to sever the unexhausted claim (Doc 19) be **GRANTED**; and (3) the respondent be required to file a substantive response to the first two claims of the habeas petition.

---

[3] While a motion to sever is not synonymous with a motion to withdraw or dismiss because a motion to sever contemplates the severed claim will subject to further proceedings, the undersigned construes Petitioner's request to sever in the light most favorable to Petitioner, to wit: as a motion to withdraw the unexhausted claim thereby permitting his exhausted claims not to be barred by the doctrine of complete exhaustion.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Senior Judge Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Recommendation to the pro se petitioner and counsel of record.

Dated: March 20, 2007

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**