# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES H. KEARNS,**

    Petitioner,

vs.                                                                             Civil Action No. 2:06 CV 58
                                                                                           (Maxwell)

**THOMAS McBRIDE, Warden,**

    Respondent.

## ORDER

It will be remembered that the above-styled civil action was instituted on June 9, 2006, with the filing of a Petition Under 28 U.S.C. § 2254 For Writ Of *Habeas Corpus* By A Person In State Custody (Docket No. 1) by the Petitioner, a state prisoner proceeding *pro se*, who seeks to pursue his remedies in this *habeas corpus* action pursuant to 28 U.S.C. § 2254.

It will further be remembered that, in accordance with Rule 83.13 of the Local Rules of Prisoner Litigation Procedure, the above-styled civil action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation.

By Order entered August 25, 2006, Magistrate Judge Kaull indicated that he had made a preliminary review of the Petitioner's Petition and had determined that summary dismissal was not warranted. Accordingly, Magistrate Judge Kaull's August 25, 2006, Order directed the Respondent to file an Answer to the Petitioner's Petition.

The Respondent's Answer was filed on September 18, 2006, along with a Motion To Dismiss Petition For Failure To Exhaust State Remedies and a Memorandum of Law

in Support thereof.

The Petitioner's Opposition To Motion To Dismiss was filed on October 16, 2006. In said Opposition, the Petitioner requested, among several alternatives, that he be allowed to sever his third ground for relief (prosecuting attorney's knowing use of perjured testimony), which the Respondent had alleged was unexhausted, and that he be permitted to proceed on the remaining two grounds for relief. Thereafter, on October 25, 2006, the Respondent's Reply To Petitioner's "Opposition" To Respondent's Motion To Dismiss was filed with the Court.

On March 20, 2007, United States Magistrate Judge John S. Kaull filed a Report And Recommendation in the above-styled civil action, wherein he recommended that the Respondent's Motion To Dismiss Petition For Failure To Exhaust State Remedies be denied; that the Petitioner's request to sever the unexhausted claim be granted; and that the Respondent be required to file a substantive response to the first two claims of the Petitioner's habeas Petition.

Magistrate Judge Kaull's Report And Recommendation provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised that a failure to timely file objections would result in the waiver of the right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Kaull's March 20, 2007, Report And Recommendation have been filed by either party and that this matter is now ripe for review.

Upon consideration of Magistrate Judge Kaull's March 20, 2007, Report and

Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull on March 20, 2007 (Docket No. 21), be, and the same hereby is, **ACCEPTED** in whole. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss Petition For Failure To Exhaust State Remedies (Docket No. 16), be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the Petitioner's request that he be permitted to sever his unexhausted third ground for relief, namely prosecuting attorney's knowing use of perjured testimony, (said request is set forth in Docket No. 19), be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Respondent shall file a substantive response to the first two claims made by the Petitioner in his Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody **within thirty days from the date of entry of this Order**.

The Clerk of Court is directed to forward copies of this Order to counsel of record and to the Pro Se Petitioner.

ENTER: August 23rd, 2007

_____
United States District Judge

---

[1] The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a de novo review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).