# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES H. KEARNS,**

    **Petitioner,**

**v.**                                                         **Civil Action No. 2:06cv58**
                                                                   **(Judge Maxwell)**

**THOMAS MCBRIDE, Warden,**

    **Respondent.**

## ROSEBORO NOTICE

On September 21, 2007, the respondent filed a Motion for Summary Judgment in this case. Because the petitioner is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file responsive material, and to alert him to the fact that the failure to so respond may result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 322. When a moving party

supports its motion with affidavits and other materials, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... the response ... by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Proc. 56(e). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted).

Accordingly, the petitioner has **thirty (30) days** from the date of this Order to file any opposition he has to the Respondent's motion.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk is further directed to provide copies of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 25, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE