IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES H. KEARNS,**

        **Petitioner,**

**v.**                                              **Civil Action No. 2:06cv58**
                                                                    **(Judge Maxwell)**

**THOMAS MCBRIDE, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

**A. Petitioners' Federal Habeas Proceedings**

On June 9, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner paid the required filing fee on July 26, 2007. On August 25, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Thus, the Respondent was directed to show cause why the petition should not be granted.

On September 18, 2006, the respondent filed a response to the petition generally denying that any violation of the petitioner's rights had occurred. In addition, the respondent filed a Motion to Dismiss for Failure to Exhaust. In the event the motion was denied, the respondent reserved the right to present further evidence and respond to the merits of the petitioner's claims.

Following the issuance of a Roseboro Notice, the petitioner filed a traverse to the respondent's answer and motion to dismiss. On October 25, 2006, the respondent filed a reply.

On March 20, 2007, the undersigned conducted a further review of the file and issued a

Report and Recommendation pursuant to LR PL P 83.13, et seq. In the Report and Recommendation, the undersigned determined that the petitioner had exhausted his state court remedies with regard to grounds one and two of the instant petition, but not ground three. In addition, the undersigned determined that the petitioner was not entitled to a stay and abeyance of his federal habeas petition because any attempts to exhaust ground three would be futile. The undersigned determined that the petitioner failed to raise ground three in his appeal to the West Virginia Supreme Court of Appeals ("WVSCA") and his claim was therefore, procedurally defaulted. Consequently, the undersigned determined that the petitioner be allowed to sever the unexhausted claim and proceed on the two remaining grounds.

On August 24, 2007, the undersigned's Report and Recommendation was adopted in whole by the Honorable Robert E. Maxwell. As a result, the respondent's motion to dismiss was denied, the petitioner was permitted to sever ground three, and the respondent was directed to file a response on the merits of the remaining claims.

On September 21, 2007, the respondent filed an Answer and Motion for Summary Judgment. Consequently, the Court issued a second Roseboro Notice advising the petitioner of his right to file material responsive to the respondent's motion.

On October 25, 2007, the petitioner filed his reply.

Accordingly, this matter is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq.

**B.  Petitioners' Conviction and Sentence**

During its January 2000 term, the Grand Jury of Harrison County, West Virginia, returned an indictment against the petitioner charging him with burglary, sexual assault of a spouse,

2

malicious wounding, and attempted murder. On March 9, 2000, the Harrison County Circuit Court entered a judgment of acquittal with respect to the burglary charge, and the jury found the petitioner guilty of sexual assault of a spouse and battery, but not guilty of attempted murder. On May 2, 2000, the circuit court sentenced the petitioner to one-year confinement on the battery conviction and two to ten years on the sexual assault of a spouse conviction, with the sentences to run consecutively to each other, and consecutive to a first degree murder conviction for which the petitioner was also convicted.[1]

## C. Direct Appeal

Petitioner filed a direct appeal on November 30, 2000. By Order entered December 26, 2001, the WVSCA granted the petitioner's appeal and remanded the case to the circuit court for a new trial.

## D. Petitioners' Retrial

A second jury trial was conducted in this case on March 12, 2002. On March 13, 2002, the petitioner was again convicted by a jury of Sexual Assault of a Spouse and Battery. At his sentencing on May 20, 2002, the petitioner was again sentenced one-year confinement on the battery conviction and two to ten years on the sexual assault of a spouse conviction. This time, however, the sentences were to run concurrently to each other, but still consecutive to the petitioner's murder conviction.

## E. Petitioners' Second Direct Appeal

Petitioner filed a direct appeal of his retrial on June 7, 2002. In his appeal, the petitioner asserted that the trial court erred in failing to grant his motion to set aside the verdict, enter a

---

[1] On April 7, 2000, the petitioner was convicted of First Degree Murder in a separate indictment. For that conviction, the petitioner was sentenced to life with mercy.

judgment of acquittal, or grant a new trial. The petitioner's appeal was refused on January 23, 2003.

**F.  Petitioner's State Habeas Corpus**

On March 10, 2003, the petitioner filed a *pro se* state habeas petition. Counsel was appointed to represent the petitioner and an omnibus evidentiary hearing was scheduled for March 29, 2004. At the evidentiary hearing, the petitioner noted the following grounds for relief:

(1) State's knowing use of perjured testimony;

(2) Ineffective assistance of counsel;

(3) Constitutional errors in evidentiary rulings; and

(4) Sufficiency of the evidence.

After consideration of the evidence presented at the evidentiary hearing, the information contained in the underlying criminal case, and the arguments and proposed findings of fact of counsel, the circuit court denied the petition by order entered July 14, 2005.

**G.  Petitioners' Federal Habeas Claims**

There are two issues that remain for consideration before this Court:

(1) Ineffective assistance of counsel; and

(2) Insufficient evidence to establish the critical elements of the charged offense of sexual assault of a spouse.

**H.  The Respondent's Answer and Motion for Summary Judgment**

In the answer, the respondent generally denies that any violation of the petitioner's rights occurred. In addition, in his motion to dismiss, the respondent asserts that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. In support of his motion, the respondent asserts that the petitioner's claims are not cognizable on federal habeas

corpus, that the petitioner has failed to state a claim upon which relief can be granted, and that the petitioner has failed to demonstrate that he is entitled to relief on any of his claims.

## I. Petitioners' Reply

In his reply, the petitioner generally reargues the claims raised in the complaint and cites additional caselaw in support of his claims. In addition, the petitioner asserts that a motion to dismiss is not appropriate and that there are genuine issues of material fact still in dispute. Therefore, the petitioner requests that the respondent's motion for summary judgment be denied and the Court consider whether an evidentiary hearing is appropriate.

## II. Standards of Review

### A. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the

nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

**B.  Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). In reviewing a state court's

7

ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. Because the petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

### III.    Analysis

**A.    Ineffective Assistance of Counsel**

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." Id. at 689-90. Second, if the Court finds that counsel's performance was unreasonable, Petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A reasonable probability is a one that is "sufficient to undermine confidence in the outcome." Id.

In the petition, the petitioner asserts that counsel was ineffective because he committed errors of omission and commission that denied the petitioner meaningful assistance. In support of this claim, the petitioner asserts that counsel failed to adequately cross-examine the alleged victim, Kimberly Minnix, the petitioner's ex-wife, on credibility issues related to the number of times she had sex with the petitioner. The petitioner further asserts that considering the victim's credibility was central to the case, it was defense counsel's duty to vigorously identify any contradictions in her testimony.

In its Order denying Petitioner's State habeas petition, the Circuit Court of Harrison County found that the petitioner was not denied the effective assistance of counsel. See Dckt. 25, Ex. 6 at 26-27. Citing Strickland, the circuit court found that petitioner's counsel was "competent, diligent and effective in his zealous representations of Petitioner pre-trial, at trial and post-trial." Id. at 27. In so finding, the court noted that the trial transcripts revealed no inconsistencies in Ms. Minnix's testimony related to the number of times she and the petitioner had sexual intercourse. Id. at 13. The Court also noted that even had there been inconsistencies in Ms. Minnix's testimony, the petitioner's conviction would still be supported by the remaining evidence, including the petitioner's own testimony. Id. at n. 9.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's claim that he was denied the effective assistance of counsel was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do

the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Upon a review of the trial transcripts, the undersigned can find no notable inconsistencies in Ms. Minnix's testimony. In addition, as noted by the circuit court, even had defense counsel questioned Ms. Minnix about the alleged inconsistencies, the petitioner cannot show that the results of the proceedings would have been different.[2] As explained more fully in ground two, there was ample evidence to convict the petitioner of sexual assault of a spouse.

**B. Sufficiency of the Evidence**

When reviewing a claim of the sufficiency of the evidence in federal habeas review, the district court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Based upon this court's independent review of the record, even though the state court did not specifically cite Jackson, the state court's adjudication of petitioners' claim is not contrary to clearly established federal law, nor does it involve an unreasonable application of the Jackson standard. Moreover, the state court's adjudication of this claim does not result in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

During the petitioner's trial, the court instructed the jury as to the elements of the crime of sexual assault of a spouse and gave the following charge:

---

[2] The undersigned notes that testimony regarding the possibility that more than one sexual encounter took place between the petitioner and Ms. Minnix on March 31, 1999, was raised in both Trooper Doyle's testimony and in the petitioner's testimony. Therefore, the fact that the petitioner and Ms. Minnix may have also had consensual sexual intercourse at some point on that date was before the jury for consideration, whether or not the issue was raised on cross-examination of Ms. Minnix.

> Sexual [a]ssault of a [s]pouse is committed when any person engages in sexual intercourse or sexual intrusion with his or her spouse without the consent of the spouse and the lack of consent results from forcible compulsion. Married for the purposes of this instruction in addition to its legal meaning, includes persons living together as husband and wife regardless of the legal status of their relationship.
> Sexual [i]ntercourse means any act between persons involving penetration however slight of the females -- of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or the anus of another person . . .
> Forcible [c]ompulsion means, physical force that overcomes such earnest resistance as might reasonably be expected under the circumstances or threat or intimidation expressed or implied, placing a person in fear of immediate death or bodily injury to himself or another person or in fear that he or another person will be kidnaped.
> For purposes of this definition, resistance includes, physical resistance or any clear communication of the victim's lack of consent.
> Now before the Defendant, James Howard Kearns[,] can be convicted of Sexual Assault of a Spouse, the State of West Virginia must prove to the satisfaction of the Jury beyond a reasonable doubt that, the Defendant, James Howard Kearns, in Harrison County West Virginia[,] on or about the 31st day of March 1999, did engage in Sexual Intercourse or Sexual Intrusion with his spouse Kimberly Sue Kearns, now Minnix, without the consent of Kimberly Sue Kearns, which lack of consent resulted from forcible compulsion.

See Dckt. 25, Ex. 7 (Trial Transcripts) (hereinafter "Trans.") at 293-295.

The petitioner does not assert that the jury instructions reflect an incorrect statement of the law. Instead, the petitioner asserts that the evidence submitted to the jury was not sufficient for a finding of guilt beyond a reasonable doubt that the petitioner committed the alleged acts.

However, a review of the trial transcripts shows that petitioner's own testimony was sufficient for the jury to convict him. At trial, the petitioner testified that on March 31, 1999, he broke into Ms. Minnix's trailer. Trans. at 265. At the time, the two were married. Id. at 258. The petitioner further testified that he and Ms. Minnix had sexual intercourse in the master bedroom after he had hit and slapped her, causing her to fall onto the bed. Id. At that time, Ms. Minnix was

wearing nothing but a towel because she had just stepped out of the shower. Id. The petitioner testified that while Ms. Minnix was laying on the bed, he laid upon her and had sexual intercourse with her. Id. The petitioner asserted, however, that he did not force Ms. Minnix's legs open or force himself inside of her. Id. at 258-59. Nonetheless, the petitioner admitted knowing that Ms. Minnix did not want to have sexual intercourse with him and that she told him no. Id. at 258-59, 268.

Additionally, the petitioner admitted telling Ms. Minnix that he wanted to have sex with her and that he was not going to leave until he got what he wanted. Trans. at 265-66. The petitioner also admitted knowing that Ms. Minnix wanted to leave, but that he would not let her. Id. at 267. Finally, the petitioner admitted that in order to get away from him, Ms. Minnix had to run from the trailer when the petitioner was in the bathroom. Id. at 267.

Not even considering any of the other (equally compelling) testimony in this case,[3] this evidence alone was sufficient for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Moreover, the petitioner's sufficiency claim centers on whether the testimony of the State's witnesses was credible. However, credibility issues, and the weighing of evidence, are issues that were resolved by the jury and are not within the province of federal habeas review. See Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001) ("When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant. In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence.").

---

[3] Ms. Minnix testified for the prosecution that the petitioner broke into her house, beat her, and forced her to have sex with him. See Trans. at 132-177. In addition, the prosecution presented testimony from the Trooper who investigated the claims and the doctor who examined Ms. Minnix afterwards. Id. at 114-131, 198-229.

### IV. Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion for Summary Judgment (dckt. 25) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** on the merits and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 31, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE