# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES HOWARD KEARNS,**

    **Petitioner,**

vs.                                                      **Civil Action No. 2:06 CV 58**
                                                                         **(Maxwell)**

**THOMAS McBRIDE, Warden,**

    **Respondent.**

## ORDER

    It will be remembered that the above-styled civil action was instituted on June 9, 2006, when *pro se* Petitioner James Howard Kearns filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

    It will further be remembered that the above-styled civil action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation, pursuant to Rule 83.13 of the Local Rules of Prisoner Litigation Procedure.

    By Order entered August 25, 2006, Magistrate Judge Kaull indicated that he had conducted a preliminary review of the file and had determined that summary dismissal was not appropriate at that time. Accordingly, Magistrate Judge Kaull's August 25, 2006, Order directed the Respondent to show cause why the Petitioner's § 2254 Petition should not be granted.

    The Respondent's Answer was filed on September 18, 2006, along with a Motion To Dismiss Petition For Failure To Exhaust State Remedies and a Memorandum of Law in Support thereof.

    The Petitioner's Opposition To Motion To Dismiss was filed on October 16, 2006. In said Opposition, the Petitioner requested, among several alternatives, that he be allowed to sever his third ground for relief (prosecuting attorney's knowing use of perjured

testimony), which the Respondent had alleged was unexhausted, and that he be permitted to proceed on the remaining two grounds for relief. Thereafter, on October 25, 2006, the Respondent's Reply To Petitioner's "Opposition" To Respondent's Motion To Dismiss was filed with the Court.

On March 20, 2007, United States Magistrate Judge John S. Kaull filed a Report And Recommendation in the above-styled civil action, wherein he recommended that the Respondent's Motion To Dismiss Petition For Failure To Exhaust State Remedies be denied; that the Petitioner's request to sever the unexhausted claim be granted; and that the Respondent be required to file a substantive response to the first two claims of the Petitioner's habeas Petition. Magistrate Judge Kaull's March 20, 2007, Report And Recommendation was adopted by Order entered by this Court on August 24, 2007. The Court's August 24, 2007, Order gave the Respondent thirty days from the date of entry thereof in which to file a substantive response to the first two claims made by the Petitioner in his Petition Under 28 U.S.C. § 2254 For Writ Of *Habeas Corpus* By A Person In State Custody.

The Respondent's Answer was filed on September 21, 2007, along with a Motion For Summary Judgement. The Petitioner's Reply To Respondent's Motion For Summary Judgment was filed on October 25, 2007, and the Respondent's Response To Petitioner's Reply To Respondent's Motion For Summary Judgment was filed on October 26, 2007.

On October 31, 2007, United States Magistrate Judge John S. Kaull filed an Opinion/Report And Recommendation in the above-styled civil action, wherein he recommended that the Respondent's Motion For Summary Judgment be granted and that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be denied and dismissed with prejudice.

Magistrate Judge Kaull's Opinion/Report And Recommendation expressly advised

the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Opinion/Report And Recommendation within ten days after being served with a copy of the same.

The record herein reflects that on November 15, 2007, the Petitioner filed his Objections To The Report And Recommendation Of The United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of Magistrate Judge Kaull's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of Magistrate Judge Kaull as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1980); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). As previously noted, the Petitioner timely filed his Objections To The Report And Recommendation Of The United States Magistrate Judge on November 15, 2007. Accordingly, this Court has conducted a *de novo* review only as to the portions of the Opinion/Report And Recommendation to which the Petitioner objected. The remaining portions of the Opinion/Report And Recommendation to which the Petitioner did not object were reviewed for clear error.

Upon examination of Magistrate Judge Kaull's Opinion/Report And Recommendation, it appears to the Court that the issues raised by the Petitioner in his Objections were thoroughly considered by Magistrate Judge Kaull in his Opinion/Report And Recommendation. Moreover, the Court is of the opinion that Magistrate Judge Kaull's Opinion/Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil action. Therefore, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on October 31, 2007 (Docket No. 31), be, and the same hereby is, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion For Summary Judgment (Docket No. 25), be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1), be, and the same is hereby, **DENIED** and **DISMISSED, with prejudice**.

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

**ENTER:** August   6  , 2008

  /S/ **Robert E. Maxwell**
United States District Judge